Eastern District of Kentucky
FILED
FEB 0 1 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-137-JBC

GENEVA JOHNSON,                                                                PLAINTIFF

V.          **PROPOSED FINDINGS OF FACT
              AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
 Social Security Administration,                                               DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Geneva Johnson, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on plaintiff's application for Supplemental Security Income (SSI) filed on February 13, 2003, plaintiff was not under a "disability" and was not entitled to SSI payments.

This matter is before the court on cross-motions for summary judgment [DE ##13, 15]. These motions have been fully briefed and are ripe for review.

By Order of November 19, 2006, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

### A.    Prior application

Plaintiff filed a prior application for disability benefits, and on September 25, 1995, plaintiff received a favorable decision on her application. Subsequently, due to medical improvement, the Commissioner determined that plaintiff's disability had ceased, ending on December 1, 1999, and terminated her disability benefits. Plaintiff challenged the Commissioner's decision that she was no longer disabled and the Commissioner's decision to terminate her disability benefits; however,

following an ALJ hearing, on March 23, 2001, plaintiff received an unfavorable decision. Thereafter, the Commissioner's decision to terminate plaintiff's disability benefits based on a medical improvement in her condition was upheld upon judicial review.

**B.     Present application**

On February 13, 2003, plaintiff filed the present SSI application, alleging that she became disabled on June 1, 1993, at age 32, due to back, neck, and ankle injuries; hepatitis B and C; bladder problems; and anxiety. (Tr. 22). Plaintiff has a high school education and has past relevant work experience (PRW) as a cleaner and packer. (Tr. 22).

Plaintiff's current SSI application was denied, resulting in an ALJ hearing being held on September 14, 2004. On July 5, 2005, ALJ Richard C. Bentley issued a hearing decision unfavorable to plaintiff. (Tr. 21-29).

Subsequently, on March 3, 2006, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 9-11), resulting in the filing of this action for judicial review of the Commissioner's decision.

In summary, the ALJ found that (1) claimant has not engaged in substantial gainful activity since her alleged onset date; (2) claimant's anxiety disorder; lumbar and cervical disc disease, and history of hepatitis are considered "severe" impairments, based on the requirements in 20 C.F.R. §§ 416.920(c); however, these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning her limitations are not totally credible; (4) claimant has the residual functional capacity (RFC) to perform a significant range of light work, with certain restrictions; (5) claimant is unable to perform any of her past relevant work (PRW); (6) claimant has no transferable skills from any PRW and/or transferability of skills is not an issue in this case; (7) although claimant's exertional limitations do not permit her to perform the full range of light work, using Medical-Vocational Rule 202.20 as a framework for decision-making, there is a significant number of jobs in the national economy plaintiff retains the RFC to perform, such as ticket taker/attendant/recreation facility

attendant, companion/sitter jobs, and general office clerk (jobs at the light level of exertion), and sedentary jobs such as general office clerk; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ's decision, July 5, 2005. (21-29).

## III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, 42 U.S.C. § 405(g); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends that the ALJ failed to give controlling weight to the opinions of Drs. John W. Gilbert and Tariq Nazir, and that the ALJ instead relied on "unsigned and non-examining medical assessments as well as one-time SSA consultative examiners who performed no objective testing." Plaintiff's Memorandum in Support of Award of Benefits, p. 19 [DE #13]. Plaintiff also submits that the ALJ erred in assessing her hepatitis C condition, as well as the remainder of plaintiff's physical and mental conditions. For these reasons, plaintiff submits that the Commissioner's decision to deny her claim for disability benefits is unsupported by substantial evidence of record, that the Commissioner's decision should be reversed, and that she is entitled to an award of disability benefits.

3

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcript of the ALJ hearing in this case.

**A.     Time period under consideration on plaintiff's current SSI application**

On plaintiff's current SSI application, she alleges an onset date of June 1, 1993. Plaintiff's previous claim for benefits was adjudicated through March 23, 2001, the date of the prior ALJ decision and that time period (through March 23, 2001) is no longer at issue. As pointed out by the ALJ in the current ALJ decision, any alleged disability during the period of time prior to March 23, 2001, is precluded by the doctrine of res judicata.

Concerning plaintiff's Title XVI claim, a claimant cannot receive SSI for any period prior to the month in which she filed her application. See 20 C.F.R. §§ 416.330, 416.335 (2006). Therefore, the relevant time period for deciding plaintiff's case is the month in which she filed for SSI benefits, February of 2003, and thereafter. See *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date.").

**B.     Weight given to the opinions of Dr. John W. Gilbert and Dr. Tariq Nazir**

Plaintiff asserts that the ALJ erred by not giving controlling weight to the opinions of Drs. John W. Gilbert and Tariq Nazir, who appear to be treating physicians.

Ordinarily, the opinion of a treating physician is entitled to considerable weight; however, if the physician's opinion is brief and conclusory and is not supported by clinical and laboratory findings, it is fully within the discretion of the ALJ to reject that opinion. See 20 C.F.R. § 404.1527(d)(3) (2003); Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993). A physician's opinion may also be

4

rejected when there are contrary opinions by other sources or if the opinion is internally inconsistent. See 20 C.F.R. § 404.1527(d)(4) (2003); Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1370 (6th Cir. 1991). Additionally, conclusory opinions, opinions outside a physician's area of expertise, or opinions of disability or on matters reserved for the Commissioner may be rejected and are not accorded controlling weight. 20 C.F.R. § 404.1527(d)(3), (e) (2003); Cutlip, 25 F.3d at 287. See also Social Security Ruling (SSR) 96-2p (it is error to give an opinion controlling weight, simply because it is the opinion of a treating source, if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence of record).

### 1.  Dr. John W. Gilbert

The medical evidence of record reflects that plaintiff was referred to Dr. John W. Gilbert, an orthopedic specialist with the Spine & Brain Neurosurgical Center in Lexington, Kentucky. Dr. Gilbert's office notes reflect that he has seen, evaluated, and treated plaintiff for a variety of conditions, mostly those associated with her back problems, since April 11, 2002. Dr. Gilbert's office notes are of record at Tr. 201-205 and Tr. 363-367. There is no statement made by Dr. Gilbert in any of his office notes that plaintiff is totally disabled for all work activity due to her back condition.

### 2.  Tariq Nazir

Tariq Nazir, M.D., is a physician with Community Medical Clinic in Jackson, Kentucky, who appears to be plaintiff's family physician. The medical records from Community Medical Clinic are of record at Tr. 368-377 and contain no statements whatsoever from Dr. Nazir concerning plaintiff's ability to work.

Consequently, the Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ should have given greater consideration to the opinions of Drs. Gilbert and Nazir. Neither of these physicians opined that plaintiff was totally disabled. Although Dr. Gilbert's office notes reflect the diagnosis of numerous conditions (cervical radiculopathy, cervicalgia, cervical degenerative disc

disease, cervical strain/sprain syndrome, lumbago, lumbar strain/sprain, sciatica, muscle spasm, anxiety, sleep disturbance, noncompliance secondary to tobacco use, and pain with psychological/medical factors), Dr. Gilbert did not state that these conditions, either singly or in combination, were disabling. The mere presence of a disease of condition does not automatically mean that such disease or condition is disabling; the severity of the disease or condition determines whether it is disabling. See *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

C. **Reliance on unsigned and non-examining medical assessments and one-time SSA consultative examiners who performed no objective testing**

Plaintiff also contends that the ALJ erroneously relied on "unsigned and non-examining medical assessments as well as one-time SSA consultative examiners who performed no objective testing." However, as explained below, the record belies plaintiff's argument.

The ALJ noted the documentary evidence establishes that during the period October 2, 1998, through October 15, 2001, Plaintiff sought treatment at Community Medical Clinic and on October 15, 2001, plaintiff was assessed with depression, anxiety, and hepatitis C (Tr. 23, 177). The ALJ considered the March 4, 2003, consultative examination with Dr. Rita Ratliff (Tr. 23, 206-10). Dr. Ratliff noted Plaintiff walked with a normal gait and station (Tr. 23, 207). She had normal grip strength and no joint deformities or decrease in range of motion (Tr. 23, 208). She had no detectable paraspinal muscle spasm and negative straight leg raising in both sitting and supine positions (Tr. 23, 208). Plaintiff reported she had been advised to have surgery on the thoracic and cervical spine; however, Dr. Ratliff noted that on examination Plaintiff had a normal examination of the spine with no evidence of motor or neurological deficits and there was no indication that her back pain would interfere with her ability to perform the usual occupational activities (Tr. 23, 209). There were no physical examination findings suggestive of chronic liver disease (Tr. 23, 209). Dr. Ratliff found no physical evidence for significant restriction in Plaintiff's ability to stoop, bend, reach, sit, stand, move about, lift, carry, or handle objects (Tr. 23, 209). She did not use an assistive device for ambulation (Tr. 23, 209).

Contrary to Plaintiff's assertions, the ALJ properly considered the consultative examination medical report. Plaintiff asserts the consultative examiner failed to perform any objective testing, did not know about her past two surgeries,[1] and that all consultative reports are questionable and tainted. First of all, the ALJ and Dr. Ratliff's report itself indicate the report included Plaintiff's subjective medical history and that the conclusions were based upon a physical examination (Tr. 23, 206-10). Secondly, based on the ALJ's RFC findings, he did not rely on Dr. Ratliff's limitations, instead his limitations exceeded those found by Dr. Ratliff (Tr. 23). Dr. Ratliff found no limitation in Plaintiff's ability to reach, bend or stoop, while the ALJ precluded her from work with hands overhead and only occasionally and non-repetitive bending, stooping, twisting, or kneeling (Tr. 25).

Additionally, plaintiff cites *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) for her proposition that all consultative reports are questionable and tainted. However, *Hurst* dealt with reports that the court had investigated and found were fraudulent. *Hurst*, 735 F.2d at 520-21. Plaintiff's contentions and the evidence of record are completely devoid of any suggestion that Dr. Ratliff's or any of the consultative examinations the ALJ considered are in any way fraudulent. Thus, Plaintiff's contention that all consultative reports are tainted and questionable is unfounded. See 20 C.F.R. §§ 416.945, 416.946(c); *see also Richardson v. Perales*, 402 U.S. 389, 402 (1971) ("a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and . . . may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant").

The ALJ also considered the mental consultative examination performed on June 18, 2003, by William Rigby, Ph.D. (Tr. 23, 219-23). Plaintiff reported no problems bathing or getting dressed (Tr. 23, 222). She appeared to have appropriate social capabilities for her age and background (Tr. 23, 222). Dr. Rigby's diagnosis was anxiety disorder, not otherwise specified (Tr. 23, 222). Dr.

---

[1] Contrary to plaintiff's assertion, Dr. Ratliff noted plaintiff's two prior back surgeries in her medical report. (Tr. 207).

7

Rigby assessed Plaintiff with good ability to understand and follow simple instructions; good ability to sustain attention with repetitive tasks; good ability to relate to others, such as fellow workers and supervisors; and fair ability to adapt or respond to the stress and pressures normally found in a day-to-day work setting (Tr. 23, 223).

The ALJ also reviewed the details of plaintiff's treatment at the Kentucky River Medical Center and at the Spine & Brain Neurological Center, and reviewed the results of plaintiff's consultative examination by Dr. Mark Burns, and the ALJ rejected Dr. Burns' assessment of plaintiff's ability to work (Tr. 24, 378-87). Furthermore, the ALJ reviewed the medical evidence from Dr. James N. Anderson (Tr. 24, 388-91), who noted that in his expert opinion, there is no significant liver problem documented in plaintiff's medical records. (Tr. 389).

After reviewing the documentary evidence of record, the ALJ properly found Plaintiff has the RFC to perform a significant range of light work with a sit/stand option at one hour intervals and an option for frequent position change; no climbing, balancing, crouching, crawling, frequent movement of her head, and working at heights or in the presence of vibration (Tr. 25). The ALJ precluded her from working with her hands overhead, occasional and non-repetitive bending, twisting, stooping, or kneeling; limited ability to push or pull using her upper extremities; limited ability to perform simple, repetitive work; and that there is no worse than moderate limitation in her basic mental work activities (Tr. 25).

Thus, contrary to plaintiff's argument, the ALJ did not rely on the unsigned and non-examining medical assessments or on one-time SSA consultative examiners who performed no objective testing.

### D. Plaintiff's hepatitis C condition

Plaintiff also submits that the ALJ erred in assessing her hepatitis C condition.

After reviewing the medical evidence of record, Dr. James N. Anderson answered several interrogatories. Interrogatory No. 8, which concerns plaintiff's allegations of hepatitis, and Dr. Anderson's answer thereto is set out below:

    8. Please review Exhibit B13E, a letter from the claimant's representative, Dr. Turner (who is also a medical doctor). Please answer the following issues he raises:

    a. The reason for her elevated liver enzymes, the clinical significance of this, and any limitations that arise from this

> No significant elevation of liver function studies in the file – normal studies 12 July 1990
>
> report of 8-04 - neg for Hep B studies

    b. The clinical significance, future prognosis and any limitations with respect to hepatitis

> No significant liver problem documented in the file

Tr. 389.

Based on the foregoing medical evidence, the ALJ properly concluded that plaintiff's alleged hepatitis condition was not a disabling condition. Plaintiff's argument that the ALJ erroneously evaluated her hepatitis condition is without merit.

## VI. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's denial decision is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #13] be **DENIED**, that defendant's motion for summary judgment [DE #15] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P.

6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This \_\_\_1st\_\_\_ day of February, 2007.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE